**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | | |
|---|---|---|
| Case No. | **CV 24-3436-JFW(JPRx)** | Date:  July 3, 2024 |

Title: Tywana Lanette Paulk -v- Student Transportation of America, Inc., et al.

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Shannon Reilly | None Present |
| **Courtroom Deputy** | **Court Reporter** |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**
None

**ATTORNEYS PRESENT FOR DEFENDANTS:**
None

**PROCEEDINGS (IN CHAMBERS):**   ORDER DENYING PLAINTIFF TYWANA LANETTE PAULK'S MOTION FOR REMAND
[filed 5/28/2024; Docket No. 21]

On May 28, 2024, Plaintiff Tywana Lanette Paulk ("Plaintiff") filed a Motion for Remand. On June 10, 2024, Defendants Student Transportation of America, Inc., Mission School Transportation, Inc., Santa Barbara Transportation Corporation, and Cascade Student Transportation (collectively, "Defendants") filed their Opposition. On June 17, 2024, Plaintiff filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument. The matter was, therefore, removed from the Court's July 1, 2024 hearing calendar and the parties were given advance notice. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed her Complaint in Los Angeles County Superior Court on November 21, 2023. In her First Amended Complaint filed on January 25, 2024, Plaintiff alleges, on behalf of herself and all others similarly situated, the following claims for relief: (1) failure to pay minimum wages; (2) failure to pay wages and overtime under California Labor Code § 510; (3) meal-period liability under California Labor Code § 226.7; (4) rest-break liability under California Labor Code § 226.7; (5) failure to pay reporting time pay; (6) violation of California Labor Code § 226(a); (7) violation of California Labor Code § 203; (8) violation of California Labor Code § 204; (9) failure to keep required payroll records under California Labor Code §§ 1174 and 1174.5; (10) failure to pay split-shift premiums; (11) failure to reimburse necessary business expenses under California Labor Code § 2802; (12) violation of California Business & Professions Code § 17200, et *seq.*; and (13) penalties under PAGA, California Labor Code § 2698, *et seq.*.

Defendants filed their Notice of Removal on April 25, 2024. In their Notice of Removal, Defendants allege that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because at least some of the claims in Plaintiff's Complaint and First Amended Complaint are completely preempted by section 301 of the Labor Management Relations Act (the "LMRA"), 29 U.S.C. § 185.

Plaintiff moves to remand, arguing in relevant part that: (1) all of her claims arise under state law and that it is not necessary to interpret the terms of the collective bargaining agreement ("CBA") (and thus none of her claims are preempted by § 301 of the LMRA); and (2) Defendants' removal was untimely.

## II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. *Id.* § 1447(c).

A motion to remand is the proper procedure for challenging removal. *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir.1995). The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999). Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal. *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."*)*.

## III.   DISCUSSION

### A.   Defendants' Removal was Timely.

Plaintiff argues in her motion that Defendants' removal was untimely because it occurred four months and 21 days after service of the Complaint, outside of the 30-day time limit to remove under 28 U.S.C. § 1446(b)(1). Plaintiff appears to abandon this argument in her Reply, as she fails to address any of the arguments raised by Defendants in their Opposition.

Plaintiff correctly notes that, to trigger this 30-day time limit, "the facts supporting removal must be *evident on the face of the complaint*." Motion at 15:3 (emphasis in original). However, contrary to Plaintiff's argument, the facts supporting removal were *not* evident from the face of Plaintiff's Complaint. Indeed, the Complaint makes no mention of the key facts supporting removal, including, for example, that Plaintiff was a member of a union or that her employment was governed by a CBA. "[A] defendant does not have a duty of inquiry if the initial pleading or other document is 'indeterminate' with respect to removability. Thus, even if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove

because it did not conduct such an investigation and then file a notice of removal within thirty days of receiving the indeterminate document." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013).

Accordingly, the Court concludes that the 30-day time limit to remove did not begin to run at the time Plaintiff served her original Complaint and concludes that Defendant's removal was timely.

### B. Certain of Plaintiff's Claims are Preempted by Section 301 of the LMRA.

Defendants contend that the Court has federal question jurisdiction because Plaintiff's claims for failure to pay overtime wages, failure to provide meal periods, and failure to pay wages timely during employment are completely preempted under Section 301 of the LMRA.

Section 301 of the LMRA grants federal courts jurisdiction to hear "[s]uits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a); *Franchise Tax Bd. of Cal. v. Contr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 23 (1983). "Although § 301 contains no express language of preemption, the Supreme Court has long interpreted the LMRA as authorizing federal courts to create a uniform body of federal common law to adjudicate disputes that arise out of labor contracts." *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1151 (9th Cir. 2019)*; see also Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985).

"Critically, not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016) (quoting *Allis-Chalmers Corp v. Lueck*, 471 U.S. 202, 211 (1985)). "[T]he Supreme Court has stressed that '§ 301 cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law.'" *Curtis*, 913 F.3d at 1152. "For this reason, [s]etting minimum wages, regulating work hours and pay periods, requiring paid and unpaid leave, protecting worker safety, prohibiting discrimination in employment, and establishing other worker rights remains well within the traditional police power of the states,' and claims alleging violations of such protections will not necessarily be preempted, even when the plaintiff is covered by a CBA. *Id.* at 1152 (quoting *Alaska Airlines v. Schurke*, 898 F.3d 904, 919-20 (9th Cir. 2018) (en banc)).

Courts apply a two-part test to determine whether claims are preempted and, thus, whether federal jurisdiction lies:

> [F]irst, an inquiry [must occur] into whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA. If the right exists solely as a result of the CBA, then the claim is preempted, and our analysis ends there. . . . If, however, the right exists independently of the CBA, we must still consider whether it is nevertheless 'substantially dependent on analysis of a collective bargaining agreement.' If such dependence exists, then the claim is preempted by section 301; if not, then the claim can proceed under state law.

*Burnside v. Kiewit Pac. Corp.*, 491 F.3d at 1059-1060 (2007) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. at 398-399 (1987).

Defendants argue that Plaintiff's claims for failure to pay overtime wages, failure to provide meal periods, and failure to pay wages timely during employment involve rights that exist solely as a result of the CBA, and thus that those claims are preempted under the first step of the *Burnside* test.  In particular, for each of these claims, Defendants contend that Plaintiff is exempt from the generally-applicable requirements of the California Labor Code due to one or more statutory or regulatory exemptions, and thus, to the extent she has such rights, they exist only under the CBA.

As an initial matter, the Court concludes that Defendants have failed to meet their burden to demonstrate that certain of the exemptions they rely upon are applicable.  With respect to Plaintiff's claim for failure to pay overtime wages pursuant to California Labor Code 510, Defendants argue that Plaintiff is exempt under California Labor Code § 514.  *See* Cal. Labor Code § 514 ("Sections 510 and 511 do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage.").  With respect to Plaintiff's claim for failure to provide meal periods in violation of Cal. Labor Code. § 512, Defendants argue that Plaintiff is exempt under California Labor Code § 512(e).  *See* Cal. Labor Code § 512(e) ("Subdivisions (a) and (b) do not apply to an employee specified in subdivision (f)" if certain specified conditions are satisfied including that the valid collective bargaining agreement provides "a regular hourly rate of pay not less than 30 percent more than the state minimum wage rate.").  Defendants have failed to meet their burden to demonstrate that the exemptions under California Labor Code §§ 514 or 512(e) apply. For both exemptions, the CBA must provide "a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage."  It does not appear that the CBA provided a regular hourly rate of pay for employees of not less than 30 percent more than the state minimum wage. *See* Karopian Decl. (Docket No. 5) ¶¶ 5, 7, 8, Exs. A, C, D. For example, it appears that, in July 2021, certain employees were only entitled to $17.76 per hour, less than 30 percent more than the state minium wage of $14 per hour for employers with 26 or more employees.[1]

In any event, because the Court concludes that Plaintiff's eighth cause of action for violation of California Labor Code § 204 is preempted by the LMRA, the Court concludes that it has subject matter jurisdiction over this action.  California Labor Code § 204(c) provides that "when employees are covered by a collective bargaining agreement that provides different pay arrangements, those arrangements shall apply to the covered employees." Cal. Lab. Code § 204(a). In this case, Article 28, Section 3 of the CBA provides: "All paychecks will be distributed bi-weekly. The paychecks distributed on Friday will cover all monies due to the driver through Saturday of the preceding week . . ." Karopian Decl., ¶¶ 5, 8, Exhs. A, D (Article 28, Section 3). As multiple district courts have concluded, a requirement to pay wages bi-weekly is different from the default rule of semi-monthly payment under California Labor Code § 204(a). *See, e.g., Ariola et al. v. Raytheon Technologies Corp.*, 2023 WL 5764296 * 8 (C.D. Cal. Sept. 6, 2023); *Rodriguez v. USF Reddaway Inc.*, 2022

---

[1]Because the Court concludes that it has subject matter jurisdiction over this action based on LMRA preemption of Plaintiff's eighth cause of action, the Court finds it unnecessary to address Defendants' alternative argument that Plaintiff is exempt from the default overtime requirements under the provisions of the applicable wage order.

WL 18012518, at *5 (E.D. Cal. Dec. 30, 2022). Accordingly, where a CBA provides for bi-weekly payment, any claim for violation of Labor Code section 204 is preempted "because the claim seeks to vindicate a right that exists as a result of the CBA . . . Because the section 204 claim is preempted, the Court has jurisdiction over Plaintiff's section 204 claim." *Ariola*, 2023 WL 5764296 at * 9; *Rodriguez,* 2022 WL 18012518 at * 5 ("California Labor Code § 204(c) applies. As a result, the right to timely wages during employment is not conferred by California Labor Code § 204, but the CBAs.  Accordingly, Plaintiff's claim for failure to timely pay wages during employment is preempted by § 301 of the LMRA.").

To the extent Plaintiff's other causes of action are derivative of her eighth cause of action for violation of California Labor Code § 204, they are preempted as well. *See Estrada v. Kaiser Foundation Hospitals*, 678 Fed. Appx. 494, 497 (9th Cir. 2017) ("[S]ince Plaintiffs allege in their complaint that the sections 222 and 226 violations form the basis of Plaintiffs' UCL claim, the UCL claim is derivative of the sections 222 and 226 claims. Given that the sections 222 and 226 claims are preempted, the derivative UCL claim also fails.").  In addition, to the extent Plaintiff brings a PAGA claim premised on Defendants' violation of California Labor Code § 204, the PAGA claim is also preempted.  *See, e.g., Martinez v. Omni Hotels Mgmt. Corp*., 514 F. Supp. 3d 1227, 1234 (S.D. Cal. 2021) ("The Court finds Plaintiffs' distinction between bringing PAGA claim for civil penalties versus bringing a Labor Code claim for wages is irrelevant for the purposes of preemption.").

Finally, because Plaintiff's claims all derive from a common nucleus of operative fact, the Court, at least at this juncture, exercises supplemental jurisdiction over Plaintiff's remaining state law claims. *See Ariola*, 2023 WL 5764296 at *10 ("Because the remainder of Plaintiff's claims are intertwined with Plaintiff's section 204 claim such that they are part of the same case or controversy, the Court will exercise supplemental jurisdiction to adjudicate those claims as well.").

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Remand is **DENIED**.

IT IS SO ORDERED.